IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LATIEKA BRIMAGE-NESMITH,

      Plaintiff,

v.                            CASE NO. 5:17-cv-104-RH-GRJ

BAY CREDIT UNION, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Pending before the Court is ECF No. 7, Plaintiff's Second Amended

Complaint. Plaintiff was previously granted leave to proceed as a pauper

and directed to file an amended complaint, (ECF No. 4),[1] and thereafter a

second amended complaint (ECF No. 6).[2]

_____

      [1] Plaintiff's original complaint had multiple deficiencies: (1) she failed to suggest how Bay Credit Union violated her rights or how Bay Credit Union would qualify as a state actor under § 1983; (2) it was unclear what right or privilege Defendants allegedly deprived Plaintiff; (3) Plaintiff failed to state a plausible claim for racial discrimination under the due process clause; and (4) Plaintiff failed to state a plausible claim for employment discrimination. (ECF No. 4.)

      [2] Plaintiff's first amended complaint also had multiple deficiencies: (1) she failed to identify the constitutional or federal rights Defendants allegedly violated; (2) she failed to allege whether the charges upon which the warrant was based were resolved in her favor to maintain a malicious prosecution claim; (3) the allegations failed to suggest that Defendants qualified as state actors for § 1983 purposes; (4) to the extent she alleged Defendants falsely represented facts to induce her to make payments, such a claim at best would be a claim under Florida law; and (5) to the extent she claimed

Plaintiff, proceeding *pro se*, purports to brings claims pursuant to 42 U.S.C. § 1983 against three Defendants: (1) Bay Credit Union; (2) Bay Credit Union Collection Manager Brett McCarty; and (3) Bay Credit Union Compliance Officer Donna Camden. (ECF No. 7.) Plaintiff alleges Defendants violated her rights under the Fourth Amendment and unlawfully discriminated against Plaintiff.

The material events alleged by Plaintiff are as follows. Plaintiff bounced a check in the amount of $400.00 in August 2014 when making a payment on a car loan she had with Bay Credit Union. Bay Credit Union, however, never contacted Plaintiff regarding the bounced check until April 2015 when it repossessed Plaintiff's car. Bay Credit Union eventually sold the car at a public auction.

Then in July 2015, Mr. McCarty and Ms. Camden (employees of Bay Credit Union) submitted an affidavit to law enforcement to have a warrant issued for Plaintiff's arrest because of the bounced check. Ms. Camden stated in her affidavit that Plaintiff knew she had insufficient funds for the check.

---

Defendants violated a federal credit reporting law, she failed to include allegations as to what law Defendants allegedly violated and how Defendants allegedly did so by listing the debt owed on the vehicle, which was repossessed. (ECF No. 6.)

Mr. McCarty thereafter told Plaintiff that if she paid $2,900.00, they would recall the arrest warrant. Upon investigating, however, Plaintiff learned that Mr. McCarty did not have the authority to recall the warrant. Instead, Plaintiff alleges, Mr. McCarty was attempting to defraud Plaintiff by making Plaintiff pay "something that they already put in her credit report." (*Id.* at 6–7.)

Plaintiff eventually called Bay Credit Union and spoke with the Vice President and was allowed to pay the $400.00 she owed. Plaintiff says Defendants took advantage of her as a young, African American mother. As relief, Plaintiff seeks $10,000,000.

A  federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*, 129 S. Ct. 1937).* The screening process under § 1915A also applies to non-prisoner *pro se* litigants who are proceeding in forma pauperis. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002).

The Court has screened Plaintiff's complaint and concludes that the complaint should be dismissed for failure to state a claim. First, the named Defendants here do not qualify as state actors for § 1983 purposes. "Section 1983 creates a private right of action for damages and injunctive relief against individuals and governmental bodies whose conduct under the color of state or local law deprives a plaintiff of rights, privileges, or immunities 'secured by the Constitution or laws.'" *Arnold v. Bd. of Ed. of Escambia Cnty., Ala.*, 880 F.2d 305, 309 (11th Cir. 1989). To state a prima facie case under § 1983, a plaintiff must allege (1) the defendant's conduct caused the constitutional violation, and (2) the challenged conduct was

committed under color of state law. *Duke v. Cleland*, 5 F.3d 1399, 1403

(11th Cir. 1993) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),

*overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).

"Only in rare circumstances can a private party be viewed as a 'state

actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130

(11th Cir. 1992). A private party must meet one of three tests to constitute

a "state actor" for § 1983 purposes: "(1) the State has coerced or at least

significantly encouraged the action alleged to violate the Constitution

('State compulsion test'); (2) the private parties performed a public function

that was traditionally the exclusive prerogative of the State ('public function

test'); or (3) the State had so far insinuated itself into a position of

interdependence with the [private parties] that it was a joint participant in

the enterprise ('nexus/joint action test')." *Rayburn ex rel. Rayburn v.*

*Hogue*, 214 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal

quotations omitted).

Here, however, there are no allegations that plausibly suggest the

state coerced or encouraged the alleged discrimination or Fourth

Amendment violation, or that Defendants performed a public function

traditionally the exclusive prerogative of the state. Nor does it suggest that

the state was essentially a joint participant in the enterprise.

Although Plaintiff says Mr. McCarty and Ms. Camden had a warrant issued for Plaintiff's arrest based on the bounced check, this allegation does not plausibly give rise to a Fourth Amendment claim. The Fourth Amendment provides the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. Where officers have probable cause to arrest, the seizures are reasonable under the Fourth Amendment and a plaintiff has no claim for false arrest under § 1983, or Florida law. *Hendricks v. Sheriff, Collier Cnty., Fla.*, 492 F. App'x 90, 93 (11th Cir. 2012); *Lewis v. Morgan*, 79 So. 3d 926, 928–29 (Fla. 1st DCA 2012).

Plaintiff does not allege Defendants arrested her, nor could she. Moreover, she admits that her check bounced (although she says she was unaware of such) and that the affidavit stated Plaintiff knew she had insufficient funds in her account (although she says she did not know she had insufficient funds). Nonetheless, there would have been probable cause to arrest Plaintiff for a bounced check. *See Fla. Stat*. § 832.05(2)(a) ("It is unlawful for any person . . . to draw, make, utter, or deliver to another any check . . . knowing at the time . . . that the maker or drawer thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same on presentation.").

Liberally construed as a malicious prosecution claim, Plaintiff's claim

also fails. "To establish a federal malicious prosecution claim under § 1983,

a plaintiff must prove (1) the elements of the common law tort of malicious

prosecution, and (2) a violation of her Fourth Amendment right to be free

from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220,

1234 (11th Cir. 2004) (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir.

2003), *cert. denied*, 540 U.S. 879 (2003)).

> Under Florida law, a plaintiff must establish each of six
> elements to support a claim of malicious prosecution: (1) an
> original judicial proceeding against the present plaintiff was
> commenced or continued; (2) the present defendant was the
> legal cause of the original proceeding; (3) the termination of the
> original proceeding constituted a bona fide termination of that
> proceeding in favor of the present plaintiff; (4) there was an
> absence of probable cause for the original proceeding; (5)
> there was malice on the part of the present defendant; and (6)
> the plaintiff suffered damages as a result of the original
> proceeding.

*Id.* (citing *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. Dist. Ct. App.

2002)).

To the extent Plaintiff's allegations suggest Defendants conspired to

maliciously prosecute her for the bounced check, Plaintiff has not alleged

that the charges upon which the warrant was based were resolved in her

favor. The Court previously advised Plaintiff that this allegation is vital for a

malicious prosecution claim because an individual cannot bring a claim for

malicious prosecution unless or until the charges have been dismissed.

(ECF No. 6 at 4.) Despite the Court advice on this issue Plaintiff failed to include this vital information in her second amended complaint. Plaintiff has failed to allege that the charges upon which the warrant was issued were resolved in her favor so she has failed to state a plausible malicious prosecution claim.

Furthermore, to the extent Plaintiff alleges "Mr. McCarty broke the law by scheming to defraud the plaintiff into paying something that they already put in her credit report," (ECF No. 7 at 6–7), she fails to suggest what law Mr. McCarty violated.[3] To the extent Plaintiff means the Fair Credit Reporting Act, she does not allege that anything put in her credit report was false or otherwise unlawful.

Lastly, to the extent Plaintiff says Defendants falsely represented facts to her in order to induce her to make payments, such a claim at best would constitute a tort or statutory claim under Florida state law. The Court lacks jurisdiction over a state law claim absent either a federal claim or diversity jurisdiction, neither of which is present here. Plaintiff, therefore, would be required to pursue any state law claims in state court, not federal

---

[3] The Court previously advised Plaintiff that her second amended complaint must include allegations as to what law Defendants violated pertaining to her credit report and how Defendants did so. (ECF No. 6 at 6–7.)

court.

Although the Court would normally allow a *pro se* plaintiff to amend her complaint, Plaintiff has already been afforded two opportunities to amend her complaint to allege a plausible federal claim. She was advised in the Court's order dated April 25, 2017, that although it was doubtful whether she would be able to allege a plausible federal claim based upon the events alleged in the first amended complaint, she would be given one last opportunity to amend her complaint. (ECF No. 6 at 7.) Plaintiff's second amended complaint, however, fails to allege a plausible federal claim. Her complaint is therefore due to be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that:

The second amended complaint, ECF No. 7, should be **DISMISSED**, and the case closed.

**IN CHAMBERS** this 10th day of May, 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any</u>**

**different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** **A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**