# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

LATIEKA BRIMAGE-NESMITH,

    Plaintiff,

v.                               CASE NO. 5:17cv104-RH/GRJ

BAY CREDIT UNION et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

State authorities prosecuted the plaintiff Latieka Brimage-Nesmith for issuing a check on an account with insufficient funds. In the second amended complaint, at least when read liberally, Ms. Nesmith asserts a malicious-prosecution claim and other claims against a credit union and two of its employees. The defendants reported the insufficient-funds check to authorities.

The case is before the court on the magistrate judge's report and recommendation, which concludes that the second amended complaint should be dismissed for failure to state a claim on which relief can be granted. No objections have been filed.

Ms. Nesmith does not deny that she issued a check drawn on an account with insufficient funds. Ms. Nesmith seems to allege, at most, that she did know the account had insufficient funds and thus did not *intend* to issue an insufficient-funds check. Ms. Nesmith seems to allege that the defendants had no basis to make any contrary report to authorities.

Leaving aside other deficiencies in Ms. Nesmith's malicious-prosecution claim, the question is this: when a crime requires both an act and intent, does evidence that a person committed the act provide probable cause to arrest the person, even without further evidence of intent? The weight of authority indicates the answer ordinarily is yes. In *United States v. Everett,* 719 F.2d 1119, 1120 (11th Cir.1983), the court said, "While intent is an element of the crime [of passing counterfeit currency], it is not necessary in order to establish probable cause to arrest." In *McGuire v. City of New York,* 142 F. App'x 1, 3 (2d Cir.2005) (unpublished), the court said, "[W]hen an officer has evidence that a defendant has engaged in conduct proscribed by law—whether transporting a quantity of drugs, possessing a stolen item, or driving with a suspended license—he has probable cause to arrest the person even without specific evidence on the elements of knowledge and intent that will have to be proved to secure a conviction at trial." In *United States v. Quintana*, 594 F. Supp. 2d 1291, 1298 (M.D. Fla. 2009), the court held that an officer had probable cause to arrest a person who was driving with a

suspended license, even in the absence of any other evidence that the person knew his license was suspended. This court reached the same result in *Hanson v. Greenfield*, No. 4:13cv514-RH/CAS, 2014 WL 1664546 at *1 (N.D. Fla. Apr. 22, 2014) (unpublished order).

Probable cause is a complete defense to Ms. Nesmith's malicious-prosecution claim. Her other claims also are unfounded for the reasons set out in the report and recommendation. Accordingly,

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's further opinion. The clerk must enter judgment stating, "This case is dismissed with prejudice for failure to state a claim on which relief can be granted." The clerk must close the file.

SO ORDERED on August 17, 2017.

s/Robert L. Hinkle  
United States District Judge